IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARILYN SUE GORDON,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 20-00507-CV-MDH-SSA |

## ORDER

Before the Court is Plaintiff Marilyn Sue Gordon's appeal of Defendant Social Security Administration Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. Plaintiff exhausted her administrative remedies, and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the Commissioner's decision is not supported by substantial evidence in the record as a whole and the decision is reversed and remanded.

## BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434 (Tr. 67-71). Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration (SSA). Plaintiff's claim was denied initially (Tr. 70-81). On July 31, 2019, following a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled as defined in the Act (Tr. 7-28).

After consideration of the entire record, the ALJ found that Plaintiff had the severe impairment of congestive heart failure (Tr. 13). The ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 13-15). Based on her consideration of the record, the ALJ found that, through the date last insured, Plaintiff retained the residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. 404.1567(b) with the following additional limitations: she could lift 20 pounds occasionally and 10 pounds frequently and could sit for 6 hours and stand or walk for 6 hours in an 8-hour workday (Tr. 14). Plaintiff could not use ladders, ropes, or scaffolds or work at unprotected heights (Tr. 14). She could not climb stairs or crawl, and could occasionally stoop, kneel, and crouch (Tr. 14). Plaintiff could not tolerate extremes of cold and heat and could occasionally tolerate fumes, odors, dusts, and poor ventilation (Tr. 14). The ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a routing clerk, a folding machine operator, and a cafeteria attendant (Tr. 17). Consequently, the ALJ found that Plaintiff was not disabled (Tr. 18).

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence

that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

### I. The ALJ's RFC is not supported by substantial evidence

The ALJ rejected the only opinion of record, that of Dr. Marty, a non-examining, non-treating State agency physician, who opined there to be insufficient evidence to evaluate the claim. (Tr. 16, 60). In circumstances where there is insufficient evidence, 20 C.F.R. 404.1520b(b) provides that, if there is insufficient evidence, the ALJ "will try to resolve the inconsistency" by taking one or more of the following actions:

(i) We may recontact your medical source. We may choose not to seek additional evidence or clarification from a medical source if we know from experience that the source either cannot or will not provide the necessary evidence. If we obtain medical evidence over the telephone, we will send the telephone report to the source for review, signature, and return;
(ii) We may request additional existing evidence;
(iii) We may ask you to undergo a consultative examination at our expense (see §§ 404.1517 through 404.1519t); or
(iv) We may ask you or others for more information.

The ALJ did none of these things. Having rejected the only opinion of record, the ALJ's RFC is unsupported by any medical evidence and/or medical opinions. See *Burchard v. Astrue*, 2009 WL 2836531 at *6 (E.D. Mo. Aug. 28, 2009)(By discounting all the opinions of record, no substantial medical evidence existed which addressed Plaintiff's ability to function in the workplace and the ALJ cannot make an informed decision about Plaintiff's functional restrictions resulting in an RFC not based on substantial medical evidence and prejudicing Plaintiff by failing to obtain medical evidence addressing functional restrictions.); *Spackman v. Colvin*, No. 2:14-CV-04125-NKL, 2015 WL 518564, at *3 (W.D. Mo. Feb. 9, 2015)(Reversing because "Although the record contains substantial evidence to support the ALJ's decision to discount Dr. Vale's opinions, the record contains no other opinions from Spackman's medical providers regarding her physical capacity and ability to work. Therefore, the ALJ had insufficient evidence to accurately assess Spackman's RFC.").

Under Eighth Circuit law, remand for a medical opinion is appropriate in this case. In *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. Dec. 28, 2017), the Eighth Circuit remanded with instructions to the ALJ to obtain a medical opinion, noting: "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008) (quoting Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007)). Where no medical opinion supports the ALJ's RFC, reversal is warranted. *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)("some

medical evidence must support the determination of the claimant's [residual functional capacity], . . . To properly determine a claimant's residual functional capacity, an ALJ is therefore, required to consider at least some supporting evidence from a medical professional."2). The Supreme Court has held that "Social Security proceedings are inquisitorial rather than adversarial" and the ALJ has the duty to "investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 2085, 147 L.Ed.2d 80 (2000) citing *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The ALJ has an obligation to develop the record to include obtaining a consultative medical examination to properly make an RFC. *Feston v. Astrue*, 2011 WL 2314199 *3 (W.D. Mo. 2011) relying on 20 C.F.R. §416.919a and *Chatman v. Astrue*, 2007 WL 5110319 (E.D. Mo. 2007). The ALJ's decision 'cannot be said to be supported by substantial evidence' where there is no medical evidence as to the Plaintiff's RFC. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (quoting *Frankl v. Shalala*, 47 F.3d 935, 937-38 (8th Cir. 1995). "This Court has consistently held that the ALJ must fully and fairly develop the record so that a just determination of disability may be made." *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982).

Defendant argues that although the RFC is a medical question and must be supported by some medical evidence regarding a claimant's ability to function in the workplace, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Stringer v. Berryhill*, 700 Fed. App'x 566, 567-68 (8th Cir. 2017) (citation omitted). In addition, Defendant argues here the ALJ relied on other factors. The evidence from the relevant period consists of two routine medical encounters, both of which the ALJ considered (Tr. 15-16, 462-463, 475-480). Shortly before the alleged onset date, in October 2017, Plaintiff presented for treatment for hypertension after having been out of medication for several months (Tr. 481). On November 6,

2017, the day after the alleged onset date, she returned for care with complaints of shortness of breath and swelling in the legs and feet (Tr. 478). Her blood pressure was elevated at this encounter, and she had +1 pitting edema in both ankles, but she had normal breath and voice sounds and normal heart rate and rhythm (Tr. 478-479). The other encounter from the relevant period, in December 2017, showed both similar findings and weight loss attributable to diuretic medication, which Defendant argues goes to the efficacy of treatment with compliance (Tr. 475-476). The ALJ further considered the lack of evidence from the relevant period relating to non-severe prior hip fracture (Tr. 13-14, 16).

While the ALJ considered only two records because they were the only two within the confines of the onset date of disability through the date last insured (Def.'s Br. p. 4, 6), all evidence should be considered so long as it is related to conditions that existed during the relevant time period. *Cunningham v. Apfel*, 222 F.3d 496 (8th Cir. 2000). In *Combs*, the Eighth Circuit remanded with instructions to the ALJ to obtain a medical opinion, noting: "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)). Additionally, Defendant also points to no medical evidence addressing Plaintiff's ability to walk, sit, stand, push, pull, etc.

The ALJ failed to satisfy his duty to fully and fairly develop the record. *See Byes v. Astrue*, 687 F.3d 913, 915–16 (8th Cir. 2012) ("Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on [her] ability to work."). Accordingly, this Court concludes that remand is necessary so the ALJ may reassess the plaintiff's residual functional capacity and to obtain a medical opinion that relates to claimant's ability to function in the workplace.

## CONCLUSION

For the reasons set forth herein, the Court finds there is not substantial evidence in the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits to Plaintiff is reversed and remanded to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: February 23, 2022 　　　　　　　　　　　　*/s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**